BOYER, Judge,
dissenting.
I would treat this case as a review by common law certiorari, would grant the petition and reverse.
The issue is whether the learned trial judge erred when ordering the plaintiff (petitioner here) to obtain and furnish to the defendant (respondent here) information in response to discovery not in the possession of the plaintiff but available to the defendant via deposition or subpoena duces tecum, or in the alternative to prepare, execute and deliver to the entity having possession (in this instance, a Veteran’s Administration Hospital) an authorization for release of such information to the defendant. In my view Fla.R.Civ.P. 1.350 authorizes the court, upon appropriate proceedings, to re *1096 quire a party to produce for the purposes enumerated in the rule the documents and things enumerated in the rule which are in the possession, custody or control of the responding party and which are not readily available to the requesting party. But when the documents or things sought to be produced are not in the possession or custody of the responding party but are available to the requesting party without the consent or authorization of the responding party, the responding party should not be required to obtain same for the requesting party nor to create new documents, viz: Authorizations or consents which are not necessary in order for the requesting party to obtain such documents or information by the ordinary means of subpoena duces tecum, or other methods of discovery. Obviously, if the documents or information can only be obtained by the responding party or with the consent or authorization of the responding party, then an order in the alternative, requiring either production or execution of authorization or consent would be appropriate. But such are not the facts sub judice.
I would reverse.